MARY O'CONNER, Respondent, *v.* LAWRENCE CONZEN, Appellant.

*Court of Appeals, June* 1, 1886.

*Civil damage act. When case sufficient to go to jury.*—Where the defendant testifies that he kept a liquor store during the time in question, knew plaintiff's husband to be a regular drunkard, and had seen him in his place many times and never sober, and where plaintiff testifies that that she saw her husband drinking liquor repeatedly, that she repeatedly spoke to defendant, requesting him not to sell her husband liquor, but that he disregarded her requests, and that after these occasions her husband struck and otherwise abused her, and failed to render her support or contribute to it, the evidence is sufficient to require the case to be submitted to the jury, and to render their determination of the question conclusive upon the court of appeals.

See note at end of case.

*N. C. Moak,* for appellant.

*Charles J. Patterson,* for respondent.

DANFORTH, J.—It is now contended by the appellant that there is no evidence that O'Conner drank intoxicating liquor on defendant's premises, or, if he did, that it intoxicated him, or was the cause of legal damage to the plaintiff, and hence that the defendant is not liable under the provisions of " the act to suppress intemperance, pauperism, and crime " (Laws 1873, chap. 646), on which this action is founded. The same propositions were submitted to the trial court. At the close of the plaintiff's case, and again at the close of the entire testimony, a motion was made to dismiss the complaint. It was denied ; and an exception then taken is the only one presented by the record. That the defendant kept a liquor store during the time in question ; that he knew O'Conner to be a regular drunkard ; that he had seen him

Note on the Civil Damage Act.

in his place many times, and never sober—was his own testimony. The plaintiff testified that in February or March, 1880, she saw her husband drinking liquor in the defendant's place, with persons whom she knew and named: that he was afterwards "beastly drunk," brought home by one of those persons and another; that she saw him in the defendant's saloon repeatedly, naming several instances, drinking ale "and pretty drunk;" and upon other occasions drinking liquor sometimes, and sometimes ale; that she repeatedly spoke to the defendant, requesting him not to sell her husband liquor; that he disregarded her requests; that after these occasions her husband struck and otherwise abused her, and failed to render her support or contribute to it. The defendant denies that he sold or gave to O'Conner any liquor or intoxicating drink. He denies, also, that he was notified by the plaintiff not to sell her husband liquor. He goes so far as to say that upon one occasion when O'Conner tendered money with which to pay for liquor he refused it.

If the jury believed the defendant's testimony, a verdict against him would have been impossible. They were not bound to believe him; their verdict shows they did not. The evidence was sufficient to require a submission of the question as one which might be answered in favor of the plaintiff.

Other propositions have been argued by the learned counsel for the appellant, but they are founded upon no exception, and therefore permit no consideration upon this appeal.

We think it plain that the judgment should be affirmed.

All concur.

NOTE ON THE CIVIL DAMAGE ACT.

This statute has been in operation in this state for about 17 years and has been many times before the courts for construction. Though many of its provisions have become quite well settled by adjudication, still new features are constantly arising, and presenting difficult problems for solution.